Citation Nr: 1607931 
Decision Date: 02/29/16 Archive Date: 03/04/16

DOCKET NO. 10-28 372 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to service connection for an acquired psychiatric disability, to include personality disorder.


REPRESENTATION

Veteran represented by: Florida Department of Veterans Affairs


ATTORNEY FOR THE BOARD

T. Carter, Counsel





INTRODUCTION

The Veteran served on active duty from October 1976 to September 1979, January 1980 to January 1984, and November 1985 to June 1988. He also had active duty for training from June 1984 to September 1984.

This case initially came before the Board of Veterans' Appeals (Board) on appeal from a February 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida.

In June 2014 and July 2015, the Board remanded the appeal for additional evidentiary development. The case has now been returned to the Board for appellate review.

This appeal was processed using the Veterans Benefits Management System (VBMS) and the Virtual VA electronic claims files, to include VA outpatient treatment records dated from September 2008 to March 2015. Accordingly, any future consideration of the case should take into consideration the existence of these electronic records.


FINDINGS OF FACT

1. The Veteran has current diagnoses of an acquired psychiatric disability, to include personality disorder, major depressive disorder, major depression recurrent with psychosis, depression not otherwise specified, anxiety, and depression secondary to general medical condition. 

2. The Veteran's current diagnosis of personality disorder is not a disability for VA compensation purposes.

3. A psychosis was not shown during service or during training and was not show to be present within 1 year of separation from qualifying service.

4. While in service, the Veteran's security clearance was revoked due to diagnosed personality disorder, and mixed personality disorder existed prior to entrance was noted at the time of the Veteran's separation from military service in 1988.

5. An acquired psychiatric disability did not have onset during service and is not otherwise related to service.


CONCLUSION OF LAW

The criteria for entitlement to service connection for an acquired psychiatric disability, to include personality disorder, have not been met. 38 U.S.C.A. §§ 1101, 1112, 1113, 1131, 1137, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309 (2015).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The requirements of 38 U.S.C.A. §§ 5103 and 5103A have been met. There is no issue as to providing an appropriate application form or completeness of the application. VA notified the Veteran in January 2009 of the information and evidence needed to substantiate and complete a claim, to include notice of what part of that evidence is to be provided by the claimant, what part VA will attempt to obtain, and how disability ratings and effective dates are determined.

VA fulfilled its duty to assist the Veteran in obtaining identified and available evidence needed to substantiate a claim to include where warranted by law, and affording the claimant a VA examination, VA medical opinions, and a hearing before the Board. In April 2014, the Veteran withdrew his request for a Board hearing. There is no evidence that additional records have yet to be requested. There was also substantial compliance with the June 2014 and July 2015 remand directives. In sum, there is no evidence of any VA error in notifying or assisting him that reasonably affects the fairness of this adjudication. 38 C.F.R. § 3.159(c).

Service connection may be established for disability resulting from personal injury suffered or disease contracted in line of duty in the active military, naval, or air service. 38 U.S.C.A. § 1131.

Service connection may also be granted for any injury or disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease or injury was incurred in service. 38 C.F.R. § 3.303(d).

Service connection for certain chronic disabilities, including a psychosis, may be presumed to have been incurred in service, if shown to a compensable degree within 1 year following separation from qualifying service. 38 U.S.C.A. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309.

Review of the evidentiary record shows the Veteran has a current diagnosis of an acquired psychiatric disability, specifically personality disorder, as noted during the appeal period in the August 2014 VA examination report. There is no legal basis to grant service connection for a personality disorder because it is not a disease or injury within the meaning of applicable legislation. 38 C.F.R. § 3.303(c); see Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).

Review of the evidentiary record also shows the Veteran has additional current diagnoses of an acquired psychiatric disability, as noted during the appeal period. VA treatment records show diagnoses of major depressive disorder in September 2008 and November 2008; major depression recurrent with psychosis in May 2009 and September 2009; and depression not otherwise specified and anxiety in August 2014 and October 2014 (found in Virtual VA). A February 2009 Social Security Administration psychiatric review technique assessment also documents depression secondary to general medical condition.

With regard to the element of an in-service occurrence, review of the Veteran's service treatment records during his periods of active service from October 1976 to September 1979 and January 1980 to January 1984, as well as period of active duty for training from June 1984 to September 1984 are silent for any complaints, treatment, or diagnoses of an acquired psychiatric disability. 

At the time of entrance to his last period of active service from November 1985 to June 1988, the Veteran is presumed to have been in sound condition when examined, accepted, and enrolled as the record does not reflect an entrance examination report for this period. During this period, review of service personnel records reflect the Veteran's security clearance was revoked in October 1987 due to diagnosed personality disorder, statements made voluntarily to various officers within chain of command, and the results of a fitness for duty evaluation. At the time of separation in 1988, mixed personality disorder existed prior to entrance was noted on the separation examination. As noted, service connection is not in order for a personality disorder. Questions remain as to whether this may have been an early symptom of an acquired psychiatric disorder. As set out below, it is not.
 
That is, the next element of a nexus between the current acquired psychiatric disability, other than personality disorder, and in-service occurrence has not been met in this case.

Throughout the appeal, the Veteran alleges he was discharged because of his personality disorder and depression and has had symptoms related to depression since service, as noted in multiple statements.

The Veteran's DD Form 214 for the period of active service from November 1985 to June 1988 documents the reason for separation as "other physical/mental conditions - personality disorders." Again, the Board notes that there is no legal basis to grant service connection for a personality disorder.

Review of the Veteran's VA treatment records are silent with regard to the nature and etiology of the diagnosed acquired psychiatric disabilities, other than personality disorder, as listed above. In fact, the February 2009 Social Security Administration psychiatric review technique assessment documented a diagnosis of depression secondary to general medical condition.

Pursuant to the June 2014 Board remand, the Veteran was afforded an August 2014 VA examination for mental disorders. At the examination, the Veteran reported his current psychiatric symptomatology and occupational and social history. Following a review of the claims file and mental evaluation of the Veteran, the VA examiner concluded the Veteran's current diagnosis of personality disorder is a correct diagnosis. 

Thereafter, pursuant to the July 2015 Board remand, an additional VA medical opinion was obtained by the August 2014 examiner to address the etiology of the Veteran's acquired psychiatric disability, other than personality disorder. The VA examiner concluded "the Veteran's currently diagnosed depression . . . is less likely as not (less than 50/50 probability) incurred in or caused by any of the Veteran's periods of military service." In part, the examiner explained the following:

Treatment reports from VA Medical Center [in] Tampa, Florida from October 4, 2006 through December 19, 2008 noted a diagnosis of major depressive disorder with no etiology on September 30, 2008. . . . There is no evidence of psychiatric complaints of depression on any of the Veteran's entrance o[r] separation examinations contained in VBMS and the Veteran was diagnosed with a personality disorder and discharged from the Navy due to this.

Although the Veteran is competent to report observable psychiatric symptomatology, the Board finds he does not have the experience, education, training, and expertise to provide an opinion regarding the etiology of his current acquired psychiatric disability, other than personality disorder; thus his competent reports are not probative and are outweighed by the VA examiner's findings. See Layno v. Brown, 6 Vet. App. 465, 470 (1994).

The Board finds that the most probative evidence of record demonstrates that the Veteran's acquired psychiatric disability is not related to active service. The VA etiological opinion is probative as the examiner reviewed the claims file, considered the Veteran's medical history, and provided sufficient rationale for the opinion provided. Accordingly, the opinion is found to carry significant weight. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 302-04 (2008) (noting that the central issue in assessing the adequacy of an opinion is whether the examiner was informed of the relevant facts in rendering a medical opinion). As a result, the third criteria to establish service connection on a direct basis has not been met. See 38 U.S.C.A. § 1131.

Moreover, in light of the onset of diagnoses of an acquired psychiatric disability, years after separation from service, the Board finds an acquired psychiatric disability did not have onset during service to warrant service connection. See 38 C.F.R. § 3.303(d). 


ORDER

Service connection for an acquired psychiatric disability, to include personality disorder, is denied.


____________________________________________
MICHAEL D. LYON 
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs